# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RYAN MATTHEW CONLON,

    Plaintiff,

v.

CONNOR MILLER,
  *DOD Analyst*,
C.I.A. INSPECTOR GENERAL,
DOD INSPECTOR GENERAL,
US AIRFORCE INSPECTOR GENERAL,

    Defendants.

Civil Action No.: CCB-21-2416

## MEMORANDUM

This complaint asserting personal injury was filed on September 21, 2021, together with a motion to proceed in forma pauperis, which the court now grants. For the reasons stated below, the complaint must be dismissed.

Plaintiff Ryan Matthew Conlon asserts that the named defendants are responsible for attacking him "with a D.E.W. a Direct Energy Weapon, using Microwaves." ECF No. 1 at 4. He claims that he is a "non-consensual Test Subject of the C.I.A., the D.O.D., and the U.S. Airforce" and that he has suffered "Brain Injuries" as evidenced by tinnitus, chronic headaches, nausea, inflammation of the brain, dizziness, and "ear popping." ECF No. 1-1 at 2. He states he has "Havana Syndrome." *Id.* The complaint, which includes over 40 pages of single-spaced typed text, much of which is repetitive, appears to be Conlon's attempt to prove that his unfortunate symptoms are the result of negligent acts by the defendants which have caused injuries to his brain that he describes as "Thermoelastic Expansion of [his] brain" as well as "Thermal Heating of [his] cerebrospinal fluid" which "makes it flow faster, and helps to Enlarge and Expand even more . . . causing [his] Ventricles to open up even larger." *Id.* He states that he wants "these defendants to

be held responsible for negligence of using this technology to mentally and physically torture myself while in employment under the federal government and or US Military." *Id.* at 8.

Conlon seeks to invoke this court's federal question jurisdiction and asserts that defendants are violating 18 U.S.C. § 241[1] because they are conspiring to deprive Conlon of his rights under the citizenship clause of the Fourteenth Amendment. ECF No. 1-1 at 4. As relief, Conlon seeks an injunction requiring defendants to stop the practices described in his complaint. ECF No. 1 at 4.

Conlon filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold

---

[1] The statutory provision cited by Conlon is a criminal statute prohibiting "two or more persons" from conspiring "to injure, oppress, threaten or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States . . . ." 18 U.S.C. § 241. The criminal penalty for doing so is a fine, ten years imprisonment, or if the prohibited acts include kidnapping, aggravated sexual abuse, killing a person, or an attempt to commit those acts, the penalty is imprisonment for a term of years or for life or a sentence of death. *Id.* There is no civil cause of action that is connected with this statute.

the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The court has thoroughly examined the complaint and finds that it is insufficient and does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is a lengthy and repetitive document filled with suppositions and beliefs held by Conlon that are not supported by allegations of concrete fact. Further, the only statute cited in support of this court's jurisdiction, 18 U.S.C. § 241, does not provide a basis for a civil action. *See Davis v. Sarles,* 134 F.Supp.3d 223, 228 (D. D.C. 2015). If even after affording the matter a generous construction the court cannot determine the precise nature and jurisdictional basis of the complaint, it would be equally difficult for the defendants to attempt to answer the complaint. It is well-settled that the allegations of the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). For these reasons, the complaint must be dismissed.

A separate order follows.

_Sept. 22, 2021_
Date

_/s/ CCB_
Catherine C. Blake
United States District Judge